Peggy A. HILL, Plaintiff,

v.

MCI WORLDCOM
COMMUNICATIONS, INC., Defendant.

No. 4–00–CV–70496.

United States District Court,
S.D. Iowa,
Central Division.

Nov. 28, 2000.

George A. Lamarca, Justin E. Lavan, Lamarca & Landry, West Des Moines, IA, for Peggy A. Hill, plaintiff.

Helen C. Adams, Dickinson MacKaman Tyler & Hagen, Des Moines, IA, for MCI WorldCom Communications, defendant.

RULING GRANTING MOTION TO DIS-
MISS AND ORDER DISMISSING
COMPLAINT WITH PREJUDICE

VIETOR, Senior District Judge.

Plaintiff, Peggy A. Hill, brings a one-count complaint against defendant MCI WorldCom Communications, Inc. for violation of the Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. § 2702(a)(1). MCI moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that none of the information alleged by Hill to have been divulged by it to a third person is "contents of a communication" under the ECPA.

## I. MOTION TO DISMISS STANDARD

In addressing a motion to dismiss, the allegations of the complaint must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## II. FACTS

The following facts are alleged in the complaint and, for purposes of this motion, are viewed as true. *Cruz*, 405 U.S. at 322, 92 S.Ct. 1079. On April 26, 1999, Hill purchased long distance telephone services through MCI. From that date on, she paid an additional amount of money to assure that her telephone number would be unlisted and that any other personal information would remain unpublished and confidential.

Beginning on June 19, 1999, an unidentified man ("X") began placing a series of telephone calls to MCI, in which he questioned MCI's customer service representatives about Hill's invoice/billing information, parties Hill called, addresses and phone numbers of parties Hill called, and "other confidential information." On June 19, 1999, MCI provided X a phone number Hill had called using MCI's long distance services. On June 22, 1999, X called MCI, changed Hill's calling plan for the second

time, and obtained a phone number. Later on June 22, 1999, X called MCI and obtained two phone numbers. Still later on June 22, 1999, X called MCI, obtained a phone number, and requested to change the calling plan. Again later on June 22, 1999, X called MCI and was "educated ... on the bill." On June 23, 1999, X called MCI, obtained fifteen phone numbers and the addresses for those phone numbers from Hill's electronically stored long distance telephone records, and received "other electronically stored information." Exhibit 1 attached to the complaint contains MCI's records, which document these and other instances of contact between MCI and X.

At oral argument, Hill's attorney clarified that "other confidential information" and "other electronically stored information" in paragraphs twelve and twenty-three of the complaint is not information from any part of any telephone conversations between Hill and other persons, that paragraph thirty-two of the complaint[1] is a conclusion that rests exclusively upon the facts alleged in paragraphs five through twenty-nine of the complaint, and that paragraph twelve of the complaint[2] accurately summarizes the allegedly divulged "contents" of communications.

### III. ANALYSIS

Hill contends that invoice/billing information and the names, addresses, and phone numbers of parties she called are "contents" under 18 U.S.C. § 2510(8). Hill does not contend that any of this information was obtained by MCI from listening to or recording actual telephone conversations between Hill and other people. Rather, the information apparently was obtained from the general records MCI maintains on all of its customers in the normal course of its business.

Title 18 U.S.C. § 2702(a)(1) reads,

(a) **Prohibitions.**—Except as provided in subsection (b)—

(1) a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service....

Subsection (b)(2) reads,

(b) **Exceptions.**—A person or entity may divulge the contents of a communication—

. . . .

(2) as otherwise authorized in section 2517, 2511(2)(a), or 2703 of this title....

Section 2703(c)(1)(A) reads,

(c) **Records concerning electronic communication service or remote computing service.**—(1)(A) Except as provided in subparagraph (B), a provider of electronic communication service or remote computing service may disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsection (a) or (b) of this section) to any person other than a governmental entity.

Section 2711(1) reads,

As used in this chapter—

(1) the terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section....

Section 2510(8) reads,

As used in this chapter—

---

1. Paragraph thirty-two of the complaint states the following: "MCI knowingly divulged to an unidentified man the contents of communications while in electronic storage in violation of 18 U.S.C. § 2702."

2. Paragraph twelve of the complaint states the following: "The information requested by this unauthorized man included invoice/billing information, parties Plaintiff called, addresses and phone numbers of parties called and other confidential information."

**1196**

(8) "contents", when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication....

The information Hill alleges was divulged does not fall within the words "substance," "purport," or "meaning" in § 2510(8). *See Gilday v. Dubois,* 124 F.3d 277, 296 n. 27 (1st Cir.1997) (concluding that call "detailing" does not intercept "contents" of communications under § 2510(8) because it "simply captures electronic signals relating to the PIN of the caller, the number called, and the date, time and length of the call"); *In the Matter of the Application for an Order Authorizing the Use of a Cellular Tel. Digital Analyzer,* 885 F.Supp. 197, 199 (C.D.Cal. 1995) (concluding that digital analyzers do not intercept "contents" of communications under § 2510(8) when they detect only "the ESN, the cellular telephone's own number, and the numbers being called by the cellular telephone"). Before § 2510(8) was amended in 1986 to its current form, it arguably did cover such information. *See* 18 U.S.C. § 2510(8) (1968) (" '[C]ontents' ... includes any information concerning the *identity of the parties to such communication or the existence,* substance, purport, or meaning of that communication.") (emphasis added). The 1986 statutory amendment is strong evidence that Congress excluded such information from the ECPA's reach. Furthermore, such information fits within § 2703(c)(1)(A)'s language, "[R]ecord[s] or other information pertaining to a subscriber or customer," which is distinguished from "contents of communications covered by subsection (a) or (b)." *See Jessup–Morgan v. Am. Online, Inc.,* 20 F.Supp.2d 1105, 1108 (E.D.Mich.1998) (holding that identifying information, such as the identification of an account customer, is not "contents" within § 2510(8)).

Hill's reliance on *Muskovich v. Crowell,* No. 3–95–cv–20007, 1996 WL 707008 (S.D.Iowa Aug.30, 1996), is misplaced because the court expressly refrained from determining the "contents" issue. *Id.* at *4.

## IV. CONCLUSION

The facts alleged in Hill's complaint, beyond doubt, will not support a finding that MCI divulged the "contents" of any communication, as defined in § 2510(8) of the ECPA, and therefore she is not entitled to relief. MCI's motion to dismiss is **GRANTED.** It is **ORDERED** that count I of the complaint be dismissed with prejudice on December 8, 2000. (Hill's counsel has indicated that Hill may file an amendment asserting state-law claims based on diversity of citizenship jurisdiction. To file such claims as an amendment in this case, Hill must do so before December 8, 2000.)